947 F.2d 955
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Anthony WATSON, Defendant-Appellant.
 No. 90-6385.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Paul Anthony Watson appeals his sentence as a career offender under the United States Sentencing Commission Guidelines Manual (hereinafter Guidelines). We affirm.
 
 
 3
 Paul Anthony Watson entered a guilty plea to conspiring to possess with the intent to distribute cocaine. 21 U.S.C. § 846 (1988). The presentence report calculated an appropriate offense level of 32 and a level VI criminal history category reflecting Watson's status as a career offender, with a two-level reduction for acceptance of responsibility. Watson was sentenced as a career offender due to two prior controlled substance convictions.
 
 
 4
 On appeal, Watson contends through an Anders brief submitted on his behalf that the career offender guideline was not intended to apply where defendant's prior crimes were not particularly serious, and that the court erred by not applying a two-level reduction for his role in the offense. We apply a de novo standard of review to legal questions underlying interpretations of the Guidelines, and a clearly erroneous standard to factual questions underlying their application. United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir.), cert. denied, 111 S.Ct. 88 (1990).
 
 
 5
 The district court committed no error in placing Watson in the career offender category by virtue of his two prior controlled substance convictions. Both fall within the definition of a controlled substance offense in section 4B1.2(2) of the Guidelines. Watson's sentence as a career offender was therefore mandatory. See Guidelines § 4B1.1 (commentary) (noting that § 4B1.1 incorporates a congressional mandate to assure career offenders are sentenced as such).
 
 
 6
 Similarly, there was no error in not applying the two-level reduction for Watson's role in the offense. Section 4B1.1 directs that "the offense level from the table below shall apply," even if the offense level otherwise applicable would be lower. Id. (emphasis added). By requiring exclusive reference to the table, section 4B1.1 mandates a minimum offense level. The defendant received the only permissible adjustment, a reduction for an acceptance of responsibility. Rec., vol. II, at 17.
 
 
 7
 In consideration of the foregoing, we AFFIRM the sentence imposed by the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3